IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN PAASCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| B&B CARGO, INC., | ) | |
| | ) | |
| and | ) | JURY TRIAL DEMANDED |
| | ) | |
| GURJIT SINGH, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ZIEGENFELDER COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TOTAL QUALITY LOGISITICS, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Glen Edgar Paasch, by and through his attorney, Adam G. Grayson of the law office of Grayson & Grayson, LLC, and for his complaint alleges as follows:

## PARTIES

1. Plaintiff Glen Paasch is a resident of Arizona.

2. Defendant B&B Cargo, Inc. is a California corporation with its principal place of business in the State of California, and as such is a citizen of California, doing business in the State of Missouri as a transportation company operating tractor trailers on the roadways in the

1

State of Missouri including at or near the intersection of Interstate 44 and Route U in Phelps County, Missouri.

3. At all times relevant hereto, Defendant B&B Cargo, Inc. operated by and through its employees and actual and apparent agents and/or servants, including but not limited to Defendant Singh.

4. Defendant Gurjit Singh is a citizen and resident of the County of Queens, State of New York, and at all times relevant hereto was an agent, servant, and/or employee of Defendants B&B Cargo, Inc., The Ziegenfelder Company, and/or Total Quality Logistics, LLC, and was acting in the course and scope of his agency, servitude and/or employment at all times relevant hereto.

5. Defendant, The Ziegenfelder Company, is a West Virginia Corporation with its principle place of business in the State of West Virginia, and as such is a citizen of West Virginia, doing business in the state of Missouri including at or near the intersection of Interstate 44 and Route U in Phelps County, Missouri.

6. At all pertinent times Defendant, The Ziegenfelder Company, acted by and through its actual and apparent agents and servants including, but not limited to, the Defendants B&B Cargo. Inc., Gurjit Singh, and Total Quality Logistics, LLC.

7. Defendant Total Quality Logistics, LLC, is an Ohio Corporation with its principle place of business in the state of Ohio, and as such as a citizen of Ohio, doing business in the State of Missouri, including at or near the intersection of Interstate 44 and Route U in Phelps County, Missouri.

8. At all pertinent times, Defendant Total Quality Logistics conducted its usual and customary business as an interstate motor carrier throughout the United States, including in the state of Missouri.

9. At all pertinent times Defendant Total Quality Logistics, LLC acted by and through its actual and apparent agents and servants including, but not limited to, the Defendants B&B Cargo, Inc., Gurjit Singh, and The Ziegenfelder Company.

10. Defendant John Doe is a yet to be identified agent, servant, and/or employee of the Defendants B&B Cargo, Inc., Gujit Singh, Total Quality Logistics, LLC, and/or The Ziegenfelder Company, who at all times relevant herein was a resident of the State of California and was acting in the course and scope of his agency, servitude, and/or employment.

## JURISDICTION AND VENUE

11. Complete diversity of citizenship exists between the parties of this action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a).

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) in that the collision giving rise to the claims herein set forth occurred in the County of Phelps, State of Missouri, which is within this judicial district.

## GENERAL ALLEGATIONS

13. On or about July 23, 2017, Defendant Singh was operating a 2015 Semi-truck and trailer ("Truck") owned and/or operated by Defendants B&B Cargo, Inc., The Ziegenfelder Company, and/or Total Quality Logistics, LLC and was traveling westbound on I-44 at its intersection with Route U, Phelps County, Missouri.

14. On or about July 23, 2017, and at all times relevant herein Plaintiff Glen Paasch was driving a vehicle travelling eastbound on I-44 at its intersection with Route U, in Phelps County, Missouri.

15. At the above-mentioned time and place, Defendant Singh, and Defendants B&B Cargo, Inc, The Ziegenfelder Company, and/or Total Quality Logistics, LLC operating by and through Singh, negligently, recklessly, and carelessly lost control of the truck and caused the truck to cross the median and rollover into the path of eastbound I-44 oncoming vehicles causing it to collide with Glen Paasch on a motorcycle.

16. As a direct and proximate result of the Defendants' negligence aforesaid, the truck slammed into Glen Paasch and ejected him backwards from his motorcycle.

17. As a direct and proximate result of Defendants' negligence aforesaid, Plaintiff Glen Paasch sustained severe, permanent, disabling, and debilitating personal injuries, disfigurement, and emotional distress, which have required and in the future will require, medical care and treatment.

18. As a direct and proximate result of Defendants' negligence aforesaid, Plaintiff Glen Paasch sustained property damage to his 2012 Harley Davidson motorcycle, VIN 1HD1FBM11CB685411.

**COUNT I: NEGLIGENT HIRING**

19. Plaintiff realleges and incorporates paragraphs 1-18 above as though fully set forth herein.

20. Defendant, John Doe, an agent and/or employee of Defendants B&B Cargo, Inc., The Ziegenfelder Company, and/or Total Quality Logistics, LLC, was negligent and careless in hiring Defendant Singh in at least the following respects:

   a. Failing to review Defendant Singh's driving history, licensure, qualifications, and criminal history.

   b. Failing to properly train and supervise Defendant Singh.

  c. Failing to properly monitor the conduct of Defendant Singh on the job.

  d. Failing to properly insure the safe operations by Defendant Singh of the truck and trailer owned or leased by Defendants B&B Cargo, Inc., The Ziegenfelder Company, and/or Total Quality Logistics, LLC.

  e. Failing to properly train Defendant Singh in proper loading and load weight distribution of the truck and trailer owned by Defendants B&B Cargo, Inc., The Ziegenfelder Company, and/or Total Quality Logistics, LLC.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs herein incurred, and all such other and further relief as the court deems just and equitable.

## COUNT II: NEGLIGENT OPERATION OF MOTOR VEHICLE

21. Plaintiff realleges and incorporates paragraphs 1-20 above as though fully set forth herein.

22. The collision between the Truck, operated by Defendants B&B Cargo, Inc., The Ziegenfelder Company, and/or Total Quality Logistics, LLC, and Singh, and Glen Paasch was a direct and proximate result of Defendants' failure to use the highest degree of care and the Defendants' negligent, reckless, and careless conduct in at least the following respects:

  a. Defendants failed to keep a careful lookout;

  b. Defendants drove at an excessive speed;

  c. Defendants drove in a reckless manner;

  d. Defendants failed to keep the tractor trailer under control;

  e. Defendants caused and allowed the tractor trailer to leave the roadway;

f.  Defendants failed to act to avoid a collision after danger of collision became or should have become apparent;

g.  Defendants failed to slow or stop or swerve the tractor trailer in a safe manner to avoid leaving the roadway, but nevertheless failed to avoid the incident with the means available;

h.  Defendants failed to properly inspect and maintain the tractor and trailer involved in this collision;

i.  Defendants failed to comply with applicable state and federal motor carrier statutes and regulations; and

j.  Such other negligent and careless actions and/or omissions as discovery may reveal.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs herein incurred, and all such other and further relief as the court deems just and equitable.

## **COUNT III: NEGLIGENCE PER SE**

23. Plaintiff realleges and incorporates paragraphs 1-22 above as though fully set forth herein.

24. The collision described herein was a direct and proximate result of the Defendants' negligence per se in at least the following respects:

a.  Defendants drove at a speed that was too fast for conditions then existing as required by MO. REV. STAT. §304.012;

b.  Defendants operating by and through Singh failed to operate its motor vehicle in a careful and prudent manner as required by MO. REV. STAT. §304.012;

6

c. Defendants operating by and through Singh failed to operate its motor vehicle at a reasonable speed, under the circumstances, so as to not endanger the life, limb, or property or another as required by MO. REV. STAT. §304.012;

d. Defendants operating by and through Singh failed to yield the right of way and drive on the right side of the highway as required by MO. REV. STAT. §304.015 RSMo., *et seq*;

e. Defendants operating by and through Singh failed to properly enter a controlled access highway in violation of MO. REV. STAT. §300.010(7) *et. seq*.

f. Defendants failed to fully comply with and observe all the Federal Motor Carrier Safety Regulations.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs herein incurred, and all such other and further relief as the court deems just and equitable.

## COUNT IV: NEGLIGENT BROKERING

25. Plaintiff realleges and incorporates paragraphs 1-24 above as though fully set forth herein.

26. The collision between the Truck and Glen Paasch was the direct and proximate result of the negligence and carelessness of Defendants The Ziegenfelder Company and/or Total Quality Logistics, LLC in brokering the load carried by the truck at the time of the collision to an unsafe company and/or driver.

WHEREFORE, Plaintiff prays for judgment against Defendants The Ziegenfelder Company and Total Quality Logistics, LLC, jointly and severally, in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs herein incurred, and all such other and further relief as the court deems just and equitable.

## **COUNT V: NEGLIGENT SELECTION OF SHIPPING BROKER**

27. Plaintiff realleges and incorporates paragraphs 1-26 above as though fully set forth herein.

28. The collision between the Truck and Glen Paasch was the direct and proximate result of Defendant The Ziegenfelder Company and/or Total Quality Logistics' failure to use the requisite degree of care in selecting a shipping broker by brokering the load carried by the Truck at the time of the collision to an unsafe company and/or driver.

WHEREFORE, Plaintiff prays for judgment against Defendants The Ziegenfelder Company and Total Quality Logistics, LLC, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) compensatory damages, together with interest, costs herein incurred, and all such other and further relief as the court deems just and equitable.

> Respectfully Submitted,
>
> GRAYSON & GRAYSON, LLC
>
> By: ___/s/ Adam G. Grayson_____
> Adam G. Grayson #61976
> 915 Southwest Blvd., Suite N
> Jefferson City, MO 65109
> Telephone: 573-635-0308
> Facsimile: 573-635-0471
> adam@graysonlegal.com
>
> **ATTORNEYS FOR PLAINTIFF**

*JURY TRIAL DEMANDED*
*ATTORNEY LIEN CLAIMED*